### VAN CAMP et al. v. CLARY et al.
### No. 2004.

Court of Civil Appeals of Texas. Beaumont.
Oct. 23, 1930.

Kitching & Kenna, of Beaumont, for appellants.

O. R. Sholars and V. H. Stark, both of Orange, for appellees.

O'QUINN, J.

This suit was brought by M. C. Clary and R. C. Clary, composing the partnership firm of Clary Bros., in the county court of Orange county, against Homer Day, Wm. Lowe, S. S. Van Camp, and George Plunk, to recover on a note for the sum of $600, less certain credits, and to foreclose a mortgage lien on a certain Ford truck and trail car.

The defendants, appellants, answered by general demurrer, general denial, and specially that appellees, plaintiffs below, had, prior to the filing of this suit, brought another suit in the same court numbered 1133 on the docket of the court, in which the same parties were plaintiffs, and the same persons defendants, as in the instant suit and upon the same cause of action, and that said suit was compromised and settled by and between the parties, and dismissed, and that the plaintiffs therein, being the same as herein, accepted the terms of settlement in said cause and took charge of the property on which it was sought to foreclose a lien, and sold same and retained the proceeds of said sale; in other words, pleaded full and complete settlement of the cause of action herein asserted, together with other defenses, which said answer was duly verified by S. S. Van Camp, one of the defendants herein. The cause was tried to a jury, but, upon the conclusion of the evidence, the court instructed a verdict for plaintiffs, and judgment was rendered in their favor. Motion for a new trial was overruled, and the case is before us on appeal.

As before stated, appellants pleaded settlement of the debt, and the evidence of defendants fully supported the pleadings, while that of plaintiffs denied settlement. Under this state of the case, it was error for the court to instruct a verdict, the issue of settlement being one of fact for the jury to determine.

Other grounds of reversal are presented, but it is not necessary to discuss them. The judgment is reversed, and the cause remanded for another trial.

It is disclosed that after the alleged settlement of the first suit, No. 1133, plaintiffs filed suit No. 1160 on the same cause of action, and still later another suit No. 1182, the instant suit, and that the defendants answered in each, in substance, the same as here, and that upon motion of plaintiffs the last two suits were consolidated and tried as cause No. 1182. As there is some confusion in the pleadings of the suit as thus consolidated, we suggest that upon another trial all the parties replead.